IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| NORA MAR; dba INTERIOR CONCEPTS | § | CASE NO: 05-70356 |
| BY NORA MAR | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| VIRGINIA HALDIMAN, *et al* | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 04-7026 |
| | § | |
| GREGORIO MAR, *et al* | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION AND ORDER ON
## SECOND MOTION TO REMAND

On this day came on for consideration the Second Motion for Remand filed by Plaintiffs, Virginia Haldiman, Magic Valley Services, Inc., and Magic Valley Group, Inc. ("Plaintiffs"). Pursuant to 28 U.S.C. §§ 1334, 157 and 1452, and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered by the United States District Court, this court has jurisdiction to enter a final order on a motion to remand. Rule 9027, F.R. Bankr. P. Plaintiff seeks remand of the above styled Adversary Proceeding to the 389th District Court in Hidalgo County, Texas. The Court, having heard the evidence and arguments of counsel finds that the Motion should be denied.

### BACKGROUND

Plaintiff sued the Defendants in Hidalgo County State District Court and the case was removed in December of 2004. Plaintiffs filed their first motion for remand on January 25, 2005, which was denied without prejudice by Judge Isgur. The underlying chapter 13 Bankruptcy was dismissed on March 24, 2005 and Plaintiffs timely filed their Second Motion for Remand on April 1, 2005. One of the Defendants, Nora Mar, filed a chapter 7 bankruptcy on April 12, 2005, and Alamo Bank of Texas along with the Trustee for the Estate of Nora Mar moved to transfer the adversary proceeding to the new bankruptcy case. On July 18, 2005, Plaintiffs filed their Complaint objecting to discharge and dischargeability in Nora Mar's Chapter 7 bankruptcy, which raises the same material issues as this adversary proceeding.

## DISCUSSION

The issues before this Court are whether the Court has jurisdiction and, if so, whether it should exercise that jurisdiction.  Bankruptcy Court jurisdiction is "wholly grounded in and limited by statute."  *In re Bass,*  171 F.3d 1016, 1022 (5th Cir. 1999).  Pursuant to 28 U.S.C. § 1334, district courts (and bankruptcy courts by reference of 28 U.S.C. § 157) have jurisdiction over (1) cases arising under title 11 (the bankruptcy petition itself), (2) proceedings arising under title 11, (3) proceedings arising under a case in title 11, and (4) proceedings' related to a case under title 11.  "The second, third and fourth categories operate conjunctively to define the scope of jurisdiction.  Therefore it is necessary only to determine whether a matter is at least 'related to' a bankruptcy.  *Matter of J.R. Canion,*   196 F.3d 579, 584 (5th Cir. 1999) (citing *In re Bass, supra*).  "A proceeding is 'related to' a bankruptcy 'if the outcome of that proceedings could conceivably have any effect upon the estate being administered in bankruptcy."  *In re Bass,*  171 F.3d 1016, 1022 (5th Cir. 1999), (quoting *In re Walker* , 51 F.3d 562, 569); *Matter of Wood,*  825 F.2d 90 (5th Cir. 1987).

Plaintiff's attempt to establish a constructive trust directly affects the assets of the estate and thus is a core matter.  28 U.S.C. § 157 (b)(2)(A),(O).  At a minimum the cases of action are at least related to the bankruptcy case.  Plaintiffs' causes of action, if successful, will result in a claim against the Debtor's bankruptcy estate.  Accordingly the Court finds that under the Fifth Circuit test for bankruptcy jurisdiction, this Court does possess jurisdiction over the claims alleged in this action.

Plaintiffs argue that the dismissal of the underlying Bankruptcy case (04-71069) mandates that the court remand this adversary proceeding.  Though this Court agrees that generally the dismissal of the main bankruptcy case will result in remand of pending adversaries, there is no automatic remand of adversary cases when a bankruptcy is dismissed.  Debtor filed a new bankruptcy case within the time for responding to the Second Motion to Remand and moved that the adversary proceeding be transferred to the new case.  The Court has now granted that motion and remand based on dismissal of the prior main case is now moot.

The question remaining is whether this Court should exercise its jurisdiction.  The Court may remand on "any equitable ground."  28 U.S.C. § 1452 (b).  Judge Isgur addressed the equitable grounds upon which a court should consider remand and found them to favor keeping the lawsuit before the Bankruptcy Court.  Further, the recently filed objections to discharge will be resolved on the same material facts as those presented in the adversary proceeding.  Granting remand would necessitate two trials for the same issue of material fact, a misappropriation of judicial resources.  Finally, Judge Isgur found that Plaintiffs' request for jury trial was untimely and therefore is not grounds for remand.  This Court adopts the rulings of Judge Isgur.

## CONCLUSION

This case meets the minimum requirements for jurisdiction as set forth by statute and interpreted by the Fifth Circuit Court of Appeals.  The Motion to Transfer the adversary proceeding to bankruptcy case 05-70356 having been granted, the court finds that the Motion to Remand should be denied.

It is therefore ORDERED that the Second Motion for Remand is hereby DENIED.

SIGNED 07/26/2005.

RICHARD S SCHMIDT
United States Bankruptcy Judge